UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. OLIVER, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:05CV38 JCH |
| ) | |
| ADAM SWON, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment on the Claims against the City of Moberly and all other Defendants in their Official Capacities, filed April 21, 2006. (Doc. No. 35). The matter is fully briefed and ready for disposition.

## BACKGROUND[1]

By way of background, Plaintiff William M. Oliver ("Oliver"), is a citizen of the State of Missouri, and a resident of Randolph County, Missouri. (First Amended Complaint ("Complaint" or "Compl."), ¶ 1). Defendants Adam Swon ("Swon"), James Link ("Link"), Aaron Simmerman ("Simmerman"), Paul Jackson ("Jackson"), and Michael Garbulski ("Garbulski"), are citizens of the State of Missouri, and at all relevant times, were police officers employed by Defendant City of Moberly, Missouri. (Compl., ¶ 2).

According to Oliver, "Defendant officers" were summoned to Oliver's residence on February 4, 2003, on a burglary complaint.[2] (Compl., ¶ 19). Oliver alleges Ernie Mendenhall ("Ernie"), an

---

[1] For purposes of evaluating Defendants' motion, the Court assumes Plaintiff's allegations to be true. In fact, in their Answer, Defendants deny the majority of Plaintiff's allegations.

[2] Oliver does not specify which Defendants were summoned to his home on February 4, 2003. In their Answer, Defendants admit that Defendants Swon and Link arrived at Oliver's home.

adult white male and son to Oliver's then fiancé, now wife, Sheila Mendenhall ("Mendenhall"), initiated the contact with the police. (Id.). Oliver maintains Defendants met with Oliver, Ernie, and Mendenhall, and determined they had no basis to proceed on the burglary allegation. (Id., ¶ 23). When Defendants then notified Oliver of their intent to search his home, however, Oliver revoked their permission to be inside and repeatedly asked them to leave, which they eventually did. (Id., ¶ 24). Oliver and Mendenhall accompanied the officers outside the residence. (Id.).

At some point, Oliver and Mendenhall re-entered Oliver's home, and closed and secured the front door. (Compl., ¶ 25). Approximately thirty seconds later, Defendants attempted to kick in the door of Oliver's home. (Id., ¶ 28). When Oliver opened the door himself, he was taken into custody for alleged Domestic Assault and Resisting Arrest. (Id.). Oliver alleges that in placing him under arrest, Defendants attempted to force his arms behind his back, but were unable to do so due to a previous injury of Oliver's. (Id., ¶ 30).[3] Defendants eventually handcuffed Oliver in the front. (Id., ¶ 31).

According to Oliver, Defendant Link claimed they arrested Oliver because he had physically assaulted Mendenhall. (Compl., ¶ 32). Mendenhall immediately informed both Link and Jackson that she had not been assaulted in any way. (Id., ¶¶ 32, 33). Oliver nevertheless was taken outside, and suffered further injuries while descending his front stairs. (Id., ¶ 34). Once outside, Oliver picked up an automatic opening knife lying on the ground and handed it to Mendenhall.[4] (Compl., ¶ 35).[5]

---

(Answer, ¶ 23).

[3] Oliver states he previously suffered a work place injury resulting in a torn rotator cup, which necessitated surgery on both shoulders. (Compl., ¶ 29).

[4] According to Oliver, he previously had taken the knife out in order to open the upstairs door in his home, after Ernie changed the locks without Oliver's permission. (Compl., ¶ 22).

[5] Oliver subsequently was charged with possession of an illegal weapon, to which he pled guilty on November 10, 2004. (Compl., ¶ 36).

As a result of the foregoing events, Oliver was charged with felony Domestic Assault and felony Unlawful Use of a Weapon. (Compl., ¶ 37). On November 29, 2004, Oliver was found not guilty on both counts by the Randolph County Circuit Court. (Id.).

Oliver filed his First Amended Complaint in this matter on September 19, 2005. (Doc. No. 18). In his Complaint, Oliver names as Defendants Adam Swon, in both his official and individual capacities; James Link, in both his official and individual capacities; Aaron Simmerman, in his official capacity only; Captain Paul Jackson, in his official capacity only; Police Chief Michael Garbulski, in his official capacity only; and the City of Moberly. Count I of Oliver's Complaint is brought pursuant to 42 U.S.C. § 1983, for alleged violations of Oliver's Fourth, Fifth, and Fourteenth Amendment rights. (Compl., ¶¶ 6, 15, 42-48). Specifically, Oliver alleges that Defendants violated his right to be free from unreasonable seizures, as provided by the Fourth Amendment; his liberty interest to be free from arbitrary, unnecessary violence perpetuated by government officials; and his right to liberty and/or due process of law, as provided by the Fifth and Fourteenth Amendments. (Id., ¶¶ 42-44). The remaining claims in Oliver's Complaint are as follows: Malicious Prosecution (Count II); False Arrest (Count III); Trespass to Chattels (Count IV); and Intentional Infliction of Emotional Distress (Count V).

As stated above, Defendants filed the instant Motion for Summary Judgment on April 21, 2006. (Doc. No. 35). In their motion, Defendants maintain the evidence fails to establish a claim for municipal liability under § 1983 against the City of Moberly, or any of the other Defendants in their official capacities. Defendants further assert the City of Moberly and all other Defendants in their official capacities are immune from liability for Oliver's state tort claims, by reason of the doctrine of sovereign immunity.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## **DISCUSSION**

### **I.  Section 1983 Municipal Liability For Defendant City Of Moberly**

In their Motion for Summary Judgment, Defendants first assert Count I of Oliver's Complaint, which alleges violations of 42 U.S.C. § 1983, must be dismissed as to Defendant City of Moberly, because the City cannot be held vicariously liable for the actions of its officers. (Brief in Support of

Motion for Summary Judgment filed by Defendants City of Moberly and Swon, Link, Simmerman, Jackson, and Garbulski in their Official Capacities ("Defendants' Memo in Support"), PP. 3-5). Under Eighth Circuit law, "'[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents' on a theory of respondeat superior." Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996), quoting Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). "Rather a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." Jackson v. East Prairie Police Dep't, 2006 WL 156717 at *2 (E.D. Mo. Jan. 20, 2006) (internal quotations and citation omitted).

In his Complaint, Oliver first alleges Defendant City of Moberly is liable for its policy or custom of failing to supervise, control, or discipline its individual law enforcement officers. (Compl., ¶ 17). Oliver elaborates on this alleged failure in his response to Defendants' Motion for Summary Judgment, as follows: "Plaintiff[] contend[s] that it was both the policy and custom of the City of Moberly and its agents to violate the Moberly Police Department's Use of Force policy, and this caused the violations of Plaintiff's constitutionally protected rights." (Plaintiff's Answer to Defendant Officers Adam Swon, Michael L. Garbulski, Paul Jackson, James Link, Aaron Simmerman, and City of Moberly's Motion for Summary Judgment on the Claims against the City of Moberly and all other Defendants in their Official Capacities ("Oliver's Opp."), ¶ 17).[6]

In order to hold a municipality liable under Section 1983, "[t]here must exist a prior pattern of unconstitutional conduct that is so 'persistent and widespread' as to have the effect and force of law." Andrews, 98 F.3d at 1075 (citations omitted). Further, "[t]o establish a city's liability based

---

[6] In his response, Oliver continues to quote from the Moberly Police Department's Use of Force Policy. (Oliver's Opp., ¶ 19). Oliver fails to submit a copy of the policy with his response, however.

on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." Id. (internal quotations and citations omitted).

Upon consideration, the Court finds Oliver fails to demonstrate Defendant City of Moberly had a policy or custom of permitting violations of the Moberly Police Department's Use of Force policy, or of failing to act on or investigate prior complaints of such violations. Specifically, the Court notes that in his response, Oliver refers only to the individual officers' actions during the incident at issue here. He offers no evidence of prior incidents of excessive use of force on the parts of these or other officers, nor does he allege the City of Moberly failed to act on any such prior incidents. In light of these deficiencies, the Court finds no indication of a, "'persistent and widespread' pattern of misconduct that amounts to a city custom or policy of overlooking police misconduct." Andrews, 98 F.3d at 1076, quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036. Summary judgment on this portion of Defendants' motion must therefore be granted. See Poehl v. Randolph, 2006 WL 1236838 at *8 (E.D. Mo. May 3, 2006).

In his Complaint, Oliver further alleges Defendant City of Moberly is liable for its failure to train the individual law enforcement officers. (Compl., ¶ 17). "A government's failure to train its employees can constitute a 'municipal policy.'" Jackson, 2006 WL 156717 at *2 (citations omitted).

> However, "[t]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact." Deliberate indifference can be found where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights."
> "Moreover, for liability to attach in this circumstance the identified deficiency in a [municipality's] training program must be closely related to the ultimate injury."

Jackson, 2006 WL 156717 at *2-3 (internal citations omitted).

As support for their Motion for Summary Judgment on this issue, Defendants submit evidence of the training Defendants Swon and Link received, both at the police academy, and thereafter while employed by the City of Moberly. (Defendants' Memo in Support, attached Exhs. 1-6). Oliver does not dispute the individual officers received such training, nor does he offer evidence tending to suggest the training was constitutionally deficient. See Andrews, 98 F.3d at 1077. In light of these circumstances, the Court finds Oliver fails to demonstrate the close relationship necessary to conclude any alleged failure to train on the part of Defendant City of Moberly caused injury in the case at bar. Id. Defendants' Motion for Summary Judgment on Oliver's claims against the City of Moberly in Count I of his Complaint will therefore be granted.

## II.     Section 1983 Liability For Individual Officers In Their Official Capacities

As stated above, in his Complaint Oliver asserts § 1983 claims against all five individual police officers in their official capacities.[7] Under Eighth Circuit law, however, a suit against officers in their official capacities is treated as a suit against the municipality itself. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999) (citation omitted), cert. denied, 528 U.S. 1157 (2000); see also Jacob v. City of Osceola, Mo., 2006 WL 741918 at *11 (W.D. Mo. Mar. 20, 2006) (internal quotations and citations omitted) ("Liability for [government] officials in their official capacities is another form of action against the [governmental entity], and it requires the same showing that a policy or custom caused the alleged violation."). This Court has already determined that Oliver cannot recover under § 1983 against the City of Moberly. Thus, because the same analysis applies to his claims against the individual Defendants in their official capacities, the Court will grant Defendants' Motion for Summary Judgment on Oliver's claims in Count I of his Complaint, against the officers in their official capacities. See Jacob, 2006 WL 741918 at * 11.

---

[7] Oliver further asserts claims against Officers Swon and Link in their individual capacities.

**III.    State Law Claims Against The City Of Moberly**

In their motion, Defendants next assert Counts II through V of Oliver's Complaint, asserting various tort claims under state law, must be dismissed with respect to Defendant City of Moberly. (Defendants' Memo in Support, PP. 5-6). Specifically, Defendants contend the City of Moberly, as a public entity, is immune from liability for common law tort claims under Missouri law. (Id.).

"In Missouri, public entities enjoy the tort immunity they would have been entitled to prior to September 12, 1977, except under certain circumstances not applicable here."[8] Poehl, 2006 WL 1236838 at *10, citing Mo.Rev.Stat. § 537.600. "When the defendant is a municipality, to determine whether sovereign immunity applies, a court must determine whether the activity giving rise to the injury was an exercise of a governmental or a proprietary function."[9]  Id. (citation omitted).  "A municipality is immune from liability for actions arising from its governmental function, but is not immune from liability for acts arising from its proprietary function." Id. (citation omitted).

In the instant case, the Court finds Oliver's allegations in Counts II through V of his Complaint seek to hold the City of Moberly liable for the actions of its employee police officers. These allegations relate to Defendant City's operation and maintenance of its police force, a governmental function.  See Poehl, 2006 WL 1236838 at * 10 (citation omitted).   Therefore,

---

[8] "These exceptions include circumstances where the injury: (1) directly results from the negligence by a public employee arising out of the operation of a motor vehicle within the course of her or his employment; (2) is caused by the condition of the public entity's property; or (3) is covered by liability insurance.   Mo.Rev.Stat. 537.600.   The doctrine of sovereign immunity includes intentional torts as well as those based on negligence."  Poehl, 2006 WL 1236838 at * 10 n. 26 (citation omitted).  Although Oliver alleged the existence of liability insurance in his Complaint (Compl., ¶ 4), he did not advance the assertion in his response to Defendants' Motion for Summary Judgment.  The Court therefore considers the argument abandoned.

[9] A proprietary function is an act performed for the special benefit or profit of the municipality as a corporate entity, while a governmental function is an act performed by the municipality as an agent of the state, for the common good of all. Poehl, 2006 WL 1236838 at * 10 (citations omitted).

sovereign immunity applies, and Defendant City of Moberly cannot be held liable for its alleged tortuous conduct. Id. (citation omitted); see also Jackson, 2006 WL 156717 at * 4. Defendants' Motion for Summary Judgment on Oliver's claims against the City of Moberly in Counts II through V of his Complaint must therefore be granted.

## IV. State Law Claims Against Individual Defendants In Their Official Capacities

In their Motion for Summary Judgment, Defendants finally assert Oliver's claims in Counts II through V against the individual officers in their official capacities are barred by the doctrine of sovereign immunity as well. (Defendants' Memo in Support, P. 6). "Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state." Betts-Lucas v. Hartmann, 87 S.W.3d 310, 327 (Mo. App. 2002) (citation omitted). This Court therefore will grant Defendants' Motion for Summary Judgment on Oliver's claims in Counts II through V of his Complaint, against the individual Defendants in their official capacities.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on the Claims against the City of Moberly and all other Defendants in their Official Capacities (Doc. No. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants City of Moberly, Aaron Simmerman, Paul Jackson, and Michael Garbulski are **DISMISSED** as Defendants in this suit.

**IT IS FURTHER ORDERED** that Defendants Adam Swon and James Link are **DISMISSED** as Defendants in this suit in their official capacities.

**IT IS FURTHER ORDERED** that this matter will proceed to trial on Plaintiff William M.

Oliver's claims in his First Amended Complaint against Defendants Adam Swon and James Link in their individual capacities only.

**IT IS FURTHER ORDERED** that this matter is set for a **JURY** trial on **Tuesday, October 3, 2006**, at **8:00 a.m.** in Hannibal, Missouri.

Dated this 29th day of August, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE